UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-cv-125-RJC
(3:06-cr-48-RJC)

| | |
|---|---|
| **JIMMIE VANCE GRUBBS,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** comes before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, (Doc. No. 1), and his Supplement, (Doc. No. 11). For the following reasons, the Court will deny the petition.

**I.     BACKGROUND**

On September 25, 2006, Petitioner pled guilty to six counts of transportation of a minor with intent to engage in criminal sexual activity, in violation of 18 U.S.C. § 2423(a), and six counts of travel with intent to engage in illicit sexual conduct with a minor, in violation of 18 U.S.C. § 2423(b). (Case No. 3:06-cr-48, Doc. No. 24: Acceptance and Entry of Guilty Plea). This Court sentenced Petitioner to 240 months' imprisonment on each count to be served concurrently, entering its Judgment on October 24, 2007. (Id., Doc. No. 32: Judgment at 1-2). Petitioner appealed, and the United States Court of Appeals for the Fourth Circuit affirmed the Judgment on November 6, 2009. United States v. Grubbs, 585 F.3d 793 (4th Cir. 2009).

Petitioner sought a writ of certiorari from the United States Supreme Court, which the Court denied on March 22, 2010. Grubbs v. United States, 130 S. Ct. 1923 (2010).

Petitioner filed the instant § 2255 motion on March 8, 2011.[1] (Doc. No. 1). He claims that is his court-appointed attorneys were not licensed at the time they represented him, resulting in per se ineffective assistance of counsel, and he makes various allegations about their performance. Petitioner then submitted a supplement to the petition on March 8, 2012. (Doc. No. 11). The supplement does not add any additional claims, but expands on Petitioner's second claim by pointing to specific instances in which Petitioner believes his counsel failed to act or provided him with incorrect advice. Petitioner did not sign the petition or the supplement under penalty of perjury as required by Rule 2(b) of the Rules Governing Section 2255 Proceedings. Nevertheless, because the petition will be dismissed on the merits, the Court will not require Petitioner to go through the formality of re-submitting a properly sworn petition.

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by the Petitioner can be resolved without a response from the Government

---

[1] Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule).

and without an evidentiary hearing based on the record and governing case law. Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

### A. Timeliness of the Petition

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations for filing § 2255 motions. Relevant to the petition here, the statute of limitations runs from "the date on which the judgment of conviction becomes final . . . ." 28 U.S.C. § 2255(f)(1). A conviction is final for § 2255(f)(1) purposes "on the date when the petitioner could no longer seek direct review." United States v. Walker, No. 97-7854, slip op. at 1 (4th Cir. Oct. 29, 1998) (unpublished) (citing United States v. Simmonds, 111 F.3d 737, 744 (10th Cir. 1997) (deciding that conviction became final after the Supreme Court denied certiorari)).

This Court entered an Order pursuant to Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002), directing Petitioner to file a memorandum explaining why his petition should not be dismissed as time-barred because it did not appear from the record that Petitioner had sought review by the Supreme Court after the Fourth Circuit denied his appeal. (Doc. No. 9). Petitioner submitted an Affidavit indicating he did seek such review, (Doc. No. 10), which is confirmed by that Court's docket. Therefore, the motion to vacate is timely under § 2255(f)(1), as it was filed within one year of the Supreme Court's denial of the petition for a writ of certiorari.

3

## B. Ineffective Assistance of Counsel Claims

To establish a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by such constitutionally deficient representation. Strickland v. Washington, 466 U.S. 668, 687-92 (1984). In measuring counsel's performance, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689.

To demonstrate prejudice, Petitioner must show a probability that the alleged errors worked to his "actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Murray v. Carrier, 477 U.S. 478, 494 (1986) (emphasis in original) (quoting United States v. Frady, 456 U.S. 152, 170 (1982)). Under these circumstances, Petitioner "bears the burden of proving Strickland prejudice." Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992) (citing Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983)). If Petitioner fails to meet this burden, "a reviewing court need not consider the performance prong." Fields, 956 F.2d at 1297 (citing Strickland, 466 U.S. at 697).

In considering the prejudice prong of the analysis, the Court must not grant relief solely because Petitioner can show that, but for counsel's performance, the outcome of the proceeding would have been different. Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998). Rather, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id. (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)).

Counsel is presumed to be competent, and a petitioner seeking post-conviction relief bears a heavy burden to overcome this presumption. <u>Carpenter v. United States</u>, 720 F.2d 546, 548 (8th Cir. 1983). Conclusory allegations do not overcome the presumption of competency. <u>Id.</u> A petitioner bears an even heavier burden where the claim of ineffective assistance of counsel follows the entry of a guilty plea. Where a defendant has pled guilty, he must show "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." <u>Hill v. Lockhart</u>, 474 U.S. 52, 59 (1985).

### 1. **Licensure of Counsel**

Petitioner contends that his attorneys were not properly licensed when they represented him in his criminal proceedings, which he argues constitutes per se ineffective assistance. (Doc. No. 1: Motion at 4-6). According to affidavits filed by former counsel, both attorneys were licensed by States and in good standing at all times during their representation of Petitioner and admitted to practice before the Court. (Doc. Nos. 3, 4: Affidavits of Counsel). Petitioner has not provided any evidence to the contrary; therefore, this issue is without merit.

### 2. **Performance of Counsel**

The Court has also conducted an initial review of Petitioner's second claim in which he alleges that his attorneys were ineffective. Reading the petition and supplement in a light most favorable to Petitioner, he argues, at best, that the result might have been different had his attorneys taken the case to trial and successfully impeached the Government's witnesses. Petitioner also alleges in conclusory fashion that the case against him was "extremely weak" and

5

that counsel should have interviewed more "exculpatory" witnesses and retained an expert. (Doc. No. 11 at 3).

"[B]ecause courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy," when a defendant makes "solemn declarations in open court affirming a plea agreement," this testimony carries "a strong presumption of verity." United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005). The Fourth Circuit has held that "in the absence of extraordinary circumstances, allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" Id. at 221-22 (citation omitted).

Here, review of the transcripts of the Plea and Rule 11 proceeding and the sentencing hearing reveal that, by Petitioner's own sworn admissions, he was well represented by counsel and fairly convicted of the crimes he committed. Petitioner admitted his guilt in all counts, a plea which the magistrate judge determined to be knowingly and voluntarily entered. (Case No. 3:06-cr-48, Doc. No. 38: Plea and Rule 11 Proceedings Tr. at 20). Thus, Petitioner's claims concerning the lack of evidence against him are without merit. Petitioner's conclusory allegations of the possibility that counsel could have obtained a verdict of not guilty from a jury if Petitioner had gone to trial are not sufficient to establish that the proceedings leading to his plea and conviction were fundamentally unfair or unreliable.

In addition to conclusory allegations concerning the weakness of the evidence against him and the steps counsel should have taken, Petitioner alleges that counsel misadvised him as to

the possible sentence he would receive, supposedly a "slap on the wrist." (Doc. No. 11 at 4). Such contention is wholly inconsistent with the sworn representations Petitioner made during the Rule 11 proceeding:

> COURT: Has anyone made you any promises of leniency or a light sentence to get you to plead guilty?
>
> DEFENDANT: No sir.

(Case No. 3:06-cr-48, Doc. No. 38: Plea and Rule 11 Proceedings Tr. at 18). Thus, Petitioner's claims about his counsel's performance clearly do not entitle him to relief.

IV. **CONCLUSION**

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, (Doc. No. 1), as supplemented, (Doc. No. 11), is **DENIED AND DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong).

Signed: May 17,

Robert J. Conrad, Jr.
Chief United States District Judge