IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06-CR-00048-RJC-DSC

| | |
|---|---|
| USA ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| JIMMIE VANCE GRUBBS ) | |
| ) | |

**THIS MATTER** is before the Court upon motion of the defendant pro se for placement in home detention under the Second Chance Act of 2007 which was reauthorized by Section 603 of the First Step Act of 2018. (Doc. No. 69).

It is the responsibility of the Attorney General, through the Bureau of Prisons, to designate the place of incarceration, United States v. Evans, 159 F.3d 908, 912 (4th Cir. 1998) (authority to designate place of confinement vested in BOP), which is reflected in the language of the statute that "… the Attorney General may release some or all eligible elderly offenders … to home detention …" 34 U.S.C. § 60541(g)(1)(A). Accordingly, the Court does not authority to order the defendant's release to home detention.

Even if the Court had the authority, the defendant is not eligible under the statute. An "eligible elderly offender" does not include someone convicted of sex offenses, including federal offenses under section 117 of Title 18. 34 U.S.C. §§ 60541(g)(5)(A)(ii) and 20911(5). Here the defendant was convicted of transportation of a minor with intent to engage in criminal sexual activity and travel with intent to engage in illicit sexual conduct with a minor, in violation 18 U.S.C. § 2423(a) and (b), (Doc. No. 32: Judgment at 1), which are included in section 117 of Title 18.

**IT IS, THEREFORE, ORDERED**, that the defendant's pro se motion for home detention, (Doc. No. 69), is **DENIED**.

The Clerk is directed to certify copies of this order to the defendant, counsel for the defendant, to the United States Attorney, the United States Marshals Service, and the United States Probation Office.

Signed: June 25, 2019

Robert J. Conrad, Jr.
United States District Judge